UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ALBERTA GOUGH,  )
                )
    Plaintiff   )
                )
v.              )    No. 1:14-cv-00090-DBH
                )
TD BANK, N.A.,  )
                )
    Defendant   )


***MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT***

The plaintiff, Alberta Gough, has timely moved for leave to file a second amended complaint, Plaintiff's Motion for Leave to File a Second Amended Complaint ("Motion") (ECF No. 12). The defendant objects on grounds of futility, but only as to the plaintiff's new claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Because the plaintiff has averred sufficient facts for her FMLA claim, I grant the motion.

## I.  Background

The plaintiff's motion was filed prior to the deadline for amendment of pleadings set by the scheduling order issued in this action. Scheduling Order (ECF No. 9) at 2. Thus, the motion is timely. The defendant nonetheless opposes it, contending that certain of the proposed amendments would be futile and/or barred by the applicable statute of limitations. Defendant's Partial Opposition to Plaintiff's Motion to Amend Complaint ("Opposition") (ECF No. 13) at 1-2.

The proposed amendments include the following paragraphs of the proposed Second Amended Complaint (ECF No. 12-1) to which the defendant does not appear to object: 31, 48, 58,

1

65, 75, and 89. *Compare* Motion at 1-2 *with* Opposition at 2-6 (limiting opposition to claims under the federal Family Medical Leave Act).[1] The motion is accordingly granted as to those paragraphs.

With respect to the proposed amendments to paragraphs 1 and 2 and the addition of paragraph 33 and Count VIII of the proposed second amended complaint, to which the defendant objects, the legal standard applicable to the defendant's futility claim provides that, while leave to amend should be freely given, it should be denied as futile where the proposed amendment would fail to state a claim upon which relief could be granted. *E.g., Chiang v. Skeirik*, 582 F.3d 238, 243-44 (1st Cir. 2009). In order to state a claim upon which relief may be granted, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Discussion

The defendant first contends that any claims asserted by the plaintiff that are based on the FMLA are barred by that statute's two-year statute of limitations found in 29 U.S.C. § 2617(c)(1). Opposition at 2. The plaintiff does not dispute that her complaint was first filed more than two years after her employment by the defendant ended. Plaintiff's Reply Memorandum in Support of Motion for Leave to File a Second Amended Complaint ("Reply") (ECF No. 14). Rather, she argues that the proposed revised complaint sets out a claim for willful violation of the FMLA, to

---

[1] The defendant does not object to the addition of a claim under the Maine Family Medical Leave Act. Proposed Second Amended Complaint Count IX.

which a three-year statute of limitations applies, 29 U.S.C. § 2617(c)(2), a period within which she brought this action. *Id*. at 1-3.

The plaintiff points to paragraphs 49 and 50 of the proposed second amended complaint, which she characterizes as "more than enough to survive a motion to dismiss when combined with the factual background recited by Plaintiff." Reply at 1. Those paragraphs provide:

> 49. Defendant unlawfully discriminated against Mrs. Gough with malice or with reckless indifference to her state and federally protected rights.
>
> 50. Defendant's conduct amounted to a willful and knowing violation of Mrs. Gough's state and federally protected rights.

Proposed Second Complaint at 8. Standing alone, these two paragraphs might be too conclusory to meet the *Iqbal* standard, but the plaintiff asserts that she also relies on "the factual background" that the proposed amended complaint recites. Reply at 1. Unfortunately, she does not identify this "factual background."

Paragraphs 32 and 33 of the proposed second amended complaint allege that the plaintiff's supervisor criticized her for needing time off for doctors' appointments and at times forced her to cancel such appointments and that on several occasions the defendant failed to inform her of her rights under the FMLA under circumstances in which it was required to do so. The other factual allegations in the proposed second amended complaint that could reasonably be read to be relevant to the plaintiff's FMLA claims are in paragraphs 99-110, which are specific to the FMLA and allege, *inter alia*, that the defendant knew or should have known that the plaintiff's absences from work were for "FMLA-qualifying reason[s.]" yet it punished her for those absences. Proposed Second Amended Complaint ¶¶ 103, 106, 108-09. These allegations are sufficient under *Twombly* and *Iqbal* to allege a willful violation of the FMLA.[2]

---

[2] The defendant points out that allegations arising from an event in June 2011 are time barred in any event. Opposition at 6. While this may well be true, allegations concerning that event are not the only allegations supporting the

3

The defendant also argues that the proposed second amended complaint fails to state an FMLA claim upon which relief may be granted because the plaintiff "does not sufficiently allege that she as subjected to an adverse employment action within the . . . three-year[] statute of limitations." Motion at 5. An adverse employment action is a necessary element of an FMLA claim. *See, e.g., McLean v. Delhaize America*, No. 1:12-cv-00381-GZS, 2013 WL 1632646, at *6 (D. Me. Mar. 27, 2013). In this regard, the defendant mentions only the allegations in the proposed amended complaint that concern criticism of the plaintiff and an event in 2011. Opposition at 6. However, the proposed second amended complaint alleges other potentially adverse employment actions, including placing the plaintiff on probation in the summer of 2011, *see, e.g., McDaniel v. Loyola Univ. Med. Ctr.*, Case No. 13-cv-06500, 2014 WL 4269126, at *6 (N.D. Ill. Aug. 28, 2014), and denying her an earned bonus, *see, e.g., Russell v. Principi*, 257 F.3d 815, 819 (D.C. Cir. 2001). Proposed Second Amended Complaint ¶ 34. That is sufficient to survive a motion to dismiss.

III. **Conclusion**

For the foregoing reasons, the motion for leave to amend the complaint is **GRANTED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

---

plaintiff's FMLA claims set out in the proposed second amended complaint and, thus, do not provide a reason to deny the motion for leave to amend.

4

Dated this 30th day of November, 2014.

                                               /s/ John H. Rich III
                                               John H. Rich III
                                               United States Magistrate Judge